IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BOBBY BARNES, CHARLES E. BLANKS,                                                           PLAINTIFFS
VERNELL BURKS, SHIRLEY CAMPBELL SKINNER,
ESTATE OF EDWIN EUGENE CAMPBELL,
JAMES LAVON LUCAS, THEOPLIS NELSON,
WILLIAM PITTMAN, DONALD QUITMAN POWELL SR.,
ANDREW RODGERS, MYRTIS OPAL ROLAND,
ESTATE OF DAN ROLAND, LEE ROY SANDERS,
GUY MARCUS SHIFLETT, LARRY DONELL SHOWERS,
L.C. SMITH JR., JOHNNY W. THOMAS,
ROBERT WEEKS JR., ERNEST WILEY, and
PAM YARBROUGH-HAMPTON

V.                                                                              CIVIL ACTION NO. 4:16-CV-72-SA-JMV

JOHN M. O'QUINN & ASSOCIATES, PLLC,
JOHN M. O'QUINN & ASSOCIATES, LLP,
JOHN M. O'QUINN, P.C.,
JOHN M. O'QUINN LAW FIRM, PLLC,
T. GERALD TREECE, RICHARD N. LAMINACK,
JOE GIBSON, DANZIGER & DE LLANO, LLP, and
ABEL MANJI                                                                                  DEFENDANTS

ORDER

Now before the Court is Defendant Richard Laminack's Motion to Dismiss [26] the Plaintiffs' case against him for lack of personal jurisdiction filed pursuant to Federal Rule of Civil Procedure 12(b)(2). The Plaintiffs filed a Response [48], and Laminack replied [59] making this issue ripe for review. For the reasons fully explained below this Court has personal jurisdiction over Defendant Laminack. Defendant Laminack's motion to dismiss is denied.

*Factual and Procedural Background*

The Barnes Plaintiffs[1] originally filed their complaint in the Circuit Court of Bolivar

---

[1] Bobby Barnes, Charles E. Blanks, Vernell Burks, Shirley Campbell Skinner, Estate Of Edwin Eugene Campbell, James Lavon Lucas, Theoplis Nelson, William Pittman, Donald Quitman Powell Sr., Andrew Rodgers, Myrtis Opal Roland, Estate Of Dan Roland, Lee Roy Sanders, Guy Marcus Shiflett, Larry Donell Showers, L.C. Smith Jr.,

County, Mississippi. The O'Quinn Defendants[2] removed the case to federal court premising jurisdiction on diversity of citizenship. The Plaintiffs are all citizens of Alabama and Mississippi, and the Defendants are citizens of Texas.[3]

According to the Barnes Plaintiffs, they were solicited for medical screenings to determine whether they had silicosis and silica-related diseases. Once diagnosed with a silica-related disease, the Barnes Plaintiffs allege that they were next solicited to enter into a contract with a law firm to pursue and litigate their silica-related claims. Defendant Danziger & De Llano, LLP was one of the referral firms that solicited and referred clients with silica-related diseases to one of the Defendant O'Quinn firms. The Barnes Plaintiffs entered into contingency fee contracts with an O'Quinn firm, and signed powers of attorney forms to enable the O'Quinn firm to represent them. Defendant Laminack was one of the O'Quinn firm attorneys that worked on the silica-related cases.

The O'Quinn firms filed a number of lawsuits against manufacturers and distributors of silica and silica products in an effort to collect damages and compensation for their clients, including the Barnes Plaintiffs, with silica-related diseases. The Barnes Plaintiffs allege that the Defendants mishandled their claims in numerous ways. Specifically, the Barnes Plaintiffs allege that the Defendants committed, *inter alia*, legal malpractice by mishandling the Barnes Plaintiffs cases in various ways, gross negligence, breach of fiduciary duty, breach of contract, fraud, negligent misrepresentation, and negligent supervision. Some of the Barnes Plaintiffs' claims relate to the way their claims were handled such as improper billing for medical screenings and referrals. Other claims brought by the Barnes Plaintiffs relate to way the Defendants handled

---

Johnny W. Thomas, Robert Weeks Jr., Ernest Wiley, and Pam Yarbrough-Hampton. Due to the number of similar pending cases, the Court will refer to the Plaintiffs in this case as the Barnes Plaintiffs.
[2] John M. O'Quinn & Associates, PLLC, John M. O'Quinn & Associates, LLP, John M. O'Quinn, P.C., John M. O'Quinn Law Firm, PLLC.
[3] It appears from the Notice of Removal [1] that all of the requirements of 28 U.S.C. §1332 are met.

global settlements reached with some of the silica manufacturers and distributors such as failing to distribute settlement funds in a timely manner, and wrongfully retaining settlement funds for firm use. This includes allegations that the Defendants improperly billed excessive and unrelated expenses to a "Silica General Expenses" account that was ultimately funded by the Barnes Plaintiffs' settlement funds. The Barnes Plaintiffs also allege numerous errors related to the way the Defendants processed the settlements including, failing to ensure that settlements were paid in accordance with the severity of medical conditions, intimidating and coercing plaintiffs into accepting settlements, allowing wrongful dismissal of claims against certain manufacturers and distributors, and failing to process and finalize settlement agreements. The Barnes Plaintiffs' complaint contains specific allegations that Defendant Laminack committed and conspired to commit many of the alleged abuses outlined above. Defendant Laminack, a citizen of Texas, filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) arguing that this Court does not have personal jurisdiction over him.

*Discussion and Analysis*

This Court uses a two-step process to determine whether it may exercise personal jurisdiction over a non-resident defendant in diversity cases. *Colwell Realty Investments, Inc. v. Triple T Inns of Arizona, Inc.*, 785 F.2d 1330, 1333 (5th Cir. 1986). "First, the law of the forum state must provide for the assertion of such jurisdiction; and, second, the exercise of jurisdiction under state law must comport with the dictates of the Fourteenth Amendment Due Process Clause." *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996).

When deciding a Rule 12(b)(2) motion, "the Court may consider matters outside the complaint, including affidavits." *Id*. If the motion is decided without an evidentiary hearing, the court "must accept as true the uncontroverted allegations in the complaint and resolve in favor of

the plaintiff any factual conflicts posed by the affidavits." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). Ultimately, "the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident," *see Jobe*, 87 F.3d at 753, and will satisfy his or her burden "by presenting a *prima facie* case for personal jurisdiction." *Colwell*, 785 F.2d at 1333 (emphasis added).

Defendant Laminack argues that he does not have sufficient contacts with the State of Mississippi to support the exercise of general or specific personal jurisdiction over him by this Court. The Barnes Plaintiffs respond by highlighting multiple contacts between Defendant Laminack and Mississippi made in conjunction with the underlying silica litigation. The Barnes Plaintiffs argue that these contacts are sufficient to support the exercise of personal jurisdiction.

Specifically, the contacts that Barnes Plaintiffs point to include: Laminack signed the Barnes Plaintiffs' attorney-client contracts making them O'Quinn firm clients; Laminack was counsel of record for their cases in Mississippi as evidenced by the appearance of his name on pleadings filed in those cases; Laminack negotiated and settled silica-related claims with Mississippi manufacturers and distributors and then intentionally failed to distribute the proceeds to Mississippi litigants; Laminack met with several Mississippi law firms in Mississippi to discuss the silica-related litigation as evidence by, *inter alia*, his own deposition testimony and the multiple receipts from Mississippi businesses that he submitted to the Silica General Expenses account for reimbursement; Laminack contracted with medical professionals in Mississippi to provide expert consultation services for the Mississippi silica-related cases; and Laminack sent the Barnes Plaintiffs correspondence concerning their silica-related claims and the settlements, including letters that sought to alter the terms of their original contracts by requiring them to pay a portion of the general silica-related expenses.

Laminack argues that these contacts do not support the exercise of personal jurisdiction because he performed these actions only as an employee of the O'Quinn firms, and not in his individual or personal capacity.

As to whether Mississippi law would allow the "assertion of jurisdiction" over Laminack, the Mississippi Long-Arm Statute provides, in relevant part:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state . . . .

MISS. CODE ANN. § 13-3-57.

The Court finds the Barnes Plaintiffs have shown that Laminack was "doing business" in Mississippi for the purposes of the long-arm statute. In Mississippi, any individual found to be "doing business" or "performing any character of work or service" in this state is subject to the jurisdiction of her courts. There is no requirement that the business done, or the work performed, be connected to the claims or causes of action alleged against the individual in a civil proceeding. *See Estate of Jones v. Phillips ex rel. Phillips*, 992 So. 2d 1131, 1139 (Miss. 2008). It is clear that Laminack was doing business and performing legal work in Mississippi as evidenced by his name appearing on the pleadings filed in state court silica-related cases, his negotiating and settling silica-related claims with Mississippi silica manufacturers and distributors, his meetings in Mississippi with law firms to discuss the silica-related litigation, his contracting with Mississippians to provide medical and other professional consulting services for

Mississippi clients, and communications, either telephonically or in writing, with Mississippi clients regarding their silica-related cases and settlements. The Court has personal jurisdiction over Laminack under the "doing business" prong of the Mississippi Long-Arm Statute.

Laminack argues that the fiduciary shield doctrine, which provides that "an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual though the state has in personam jurisdiction over the corporation" applies to him in this case. *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985).

Although an employee's contacts with a state cannot be "judged according to [his] employer's activities there", it is equally true that the fact that an individual is an employee "does not somehow insulate [him] from jurisdiction." *Calder v. Jones*, 465 U.S. 783, 790, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984). In *Calder*, the United States Supreme Court found that the exercise of personal jurisdiction by a California court over Florida citizens who were both employees of a national magazine did not violate the Due Process Clause because their tort-causing, employment-related activities in Florida had been directed to California, and the effects of those actions had been felt in California. The same can be said for Laminack.

The Supreme Court recently re-examined the *Calder* decision and reiterated, "A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Walden v. Fiore*, – U.S. –, 134 S. Ct. 1115, 1123, 188 L. Ed. 2d 12 (Feb. 25, 2014). The *Walden* Court also endorsed and explicated the jurisdictional analysis from *Calder* and clarified that "Although we recognized that the defendants' activities [in *Calder*] 'focus[ed]' on the plaintiff, our jurisdictional inquiry 'focuse[d] on the relationship among the defendant, the forum, and the

litigation.'" *Id*. 188 L. Ed. 2d 12, (citing *Calder* 465 U.S. at 788, 104 S. Ct. 1482 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977)).

Applying this analysis to the instant case, it is clear that the relationship among Laminack, Mississippi, and the litigation supports the exercise of personal jurisdiction and comports with the requirements of due process. The record shows that Laminack directed employment-related activities to Mississippi as evidenced by his name appearing as counsel of record on pleadings filed in this state, and by his negotiating settlements with Mississippi companies for Mississippi clients. Additionally, the Barnes Plaintiffs contend that some of the employment activities undertaken by Laminack are the very actions that give rise to the tort claims they allege in this case. For example, the Barnes Plaintiffs allege that Laminack purposefully directed correspondences to them in Mississippi that misrepresented/altered the terms they agreed to in the contracts they initially entered with the O'Quinn firms, and by which they were induced and/or required to agree to pay additional pro rata expenses before settlement funds would be released to them. Certainly, the Barnes Plaintiffs' having to pay expenses in an amount greater than that they agreed to pay when initially contracting with the O'Quinn Firms would be a harm felt in Mississippi. Because the record shows that some of the employment-related activities undertaken by Laminack were specifically directed to cause economic injury to the silica clients in Mississippi, including some of the Barnes Plaintiffs, the Court finds that the exercise of personal jurisdiction over Laminack would not run afoul of due process under the analysis from *Calder* and *Walden*. *See also Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1170 (5th Cir. 1985)("It is not unfair to require a nonresident to defend itself in the courts of the forum state if the nonresident engaged in activities that will support an inference that the non-

resident defendant purposefully availed [itself] of the benefits of conducting business in the forum.").

*Conclusion*

For all of the reasons stated above, this Court has personal jurisdiction over Defendant Laminack in this case and his Motion to Dismiss [26] is DENIED.

SO ORDERED on this the 31st day of March, 2017.

   /s/ Sharion Aycock                 
UNITED STATES DISTRICT JUDGE