IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BOBBY BARNES, CHARLES E. BLANKS,                                          PLAINTIFFS
VERNELL BURKS, SHIRLEY CAMPBELL SKINNER,
ESTATE OF EDWIN EUGENE CAMPBELL,
JAMES LAVON LUCAS, THEOPLIS NELSON,
WILLIAM PITTMAN, DONALD QUITMAN POWELL SR.,
ANDREW RODGERS, MYRTIS OPAL ROLAND,
ESTATE OF DAN ROLAND, LEE ROY SANDERS,
GUY MARCUS SHIFLETT, LARRY DONELL SHOWERS,
L.C. SMITH JR., JOHNNY W. THOMAS,
ROBERT WEEKS JR., ERNEST WILEY, and
PAM YARBROUFH-HAMPTON

V.                                                    CIVIL ACTION NO. 4:16-CV-72-SA-JMV

JOHN M. O'QUINN & ASSOCIATES, PLLC,
JOHN M. O'QUINN & ASSOCIATES, LLP,
JOHN M. O'QUINN, P.C.,
JOHN M. O'QUINN LAW FIRM, PLLC,
T. GERALD TREECE, RICHARD N. LAMINACK,
JOE GIBSON, DANZIGER & DE LLANO, LLP, and
ABEL MANJI                                                                 DEFENDANTS

ORDER

Now before the Court is Defendant Danziger & De Llano LLP's Motion to Dismiss [34]. In its motion, Defendant Danziger requests that all of the Plaintiffs' claims against it be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted. In the alternative, Defendant Danziger requests that this Court direct the Plaintiffs to file an amended complaint containing more definite statements of their specific claims against Danziger, and to conform their complaint to the requirements of Federal Rules of Civil Procedure 12 and 8.

The Plaintiffs filed a Response [51] and Danziger replied [58] making this issue ripe for review. The Court considered the pleadings, the record, and the relevant arguments and

authorities. For the reasons fully outlined below, the Court grants in part and denies in part the instant motion. As to Defendant Danziger's request for a more definite statement, the Court finds this request well taken, and it is granted. The Plaintiffs have thirty days from the date of this order to supplement their Complaint by filing a motion for leave to file an amended complaint, attaching their proposed amended complaint as an exhibit to their motion.

As to Defendant Danziger's request for dismissal under Rule 12(b)(6), the Court denies the request without prejudice, allowing Danziger the option to re-urge its request after the Plaintiffs have submitted their supplemental pleading.

*Factual and Procedural Background*

The Barnes Plaintiffs,[1] originally filed their complaint in the Circuit Court of Bolivar County, Mississippi. The O'Quinn Defendants[2] removed the case to this Court premising jurisdiction on diversity of citizenship. The Plaintiffs are all citizens of Alabama and Mississippi, and the Defendants are citizens of Texas.[3]

According to the Barnes Plaintiffs, they were solicited for medical screenings to determine whether they had silicosis and silica-related diseases. Once diagnosed with a silica-related disease, the Barnes Plaintiffs were then referred to one of the Defendant O'Quinn firms. The Barnes Plaintiffs entered into contingency fee contracts with an O'Quinn firm, and signed powers of attorney to enable an O'Quinn firm to represent them. Defendant Danziger was one of the referral firms that solicited clients with silica-related diseases and then referred them to the O'Quinn firms.

---

[1] Bobby Barnes, Charles E. Blanks, Vernell Burks, Shirley Campbell Skinner, Estate Of Edwin Eugene Campbell, James Lavon Lucas, Theoplis Nelson, William Pittman, Donald Quitman Powell Sr., Andrew Rodgers, Myrtis Opal Roland, Estate Of Dan Roland, Lee Roy Sanders, Guy Marcus Shiflett, Larry Donell Showers, L.C. Smith Jr., Johnny W. Thomas, Robert Weeks Jr., Ernest Wiley, and Pam Yarbrough-Hampton. Due to the number of similar cases currently pending the Court will refer to the Plaintiffs in this case as the Barnes Plaintiffs.
[2] John M. O'Quinn & Associates, PLLC, John M. O'Quinn & Associates, LLP, John M. O'Quinn, P.C., John M. O'Quinn Law Firm, PLLC.
[3] It appears from the Notice of Removal [1] that all of the requirements of 28 U.S.C. §1332 are met.

The O'Quinn firms filed a number of lawsuits against manufacturers and distributors of silica and silica products in an effort to collect damages and compensation for their clients, including the Barnes Plaintiffs, with silica-related diseases. The Barnes Plaintiffs allege that the Defendants mishandled their claims in numerous ways. Specifically the Barnes Plaintiffs allege that the Defendants committed legal malpractice by mishandling the Barnes Plaintiffs' cases in various ways, gross negligence, breach of fiduciary duty, breach of contract, fraud, negligent misrepresentation, and negligent supervision.

Some of the Barnes Plaintiffs' claims relate to the way their claims were handled such as improper billing for medical screenings and referrals. Other claims brought by the Barnes Plaintiffs relate to way the Defendants handled global settlements reached with some of the silica manufacturers and distributors such as failing to distribute settlement funds in a timely manner, and wrongfully retaining settlement funds for firm use. This includes allegations that the Defendants improperly billed excessive and unrelated expenses to a "Silica General Expenses" account that was ultimately funded by the Barnes Plaintiffs' settlement funds.

The Barnes Plaintiffs also allege numerous errors related to the way the Defendants processed the settlements including, failing to ensure that settlements were paid in accordance with the severity of medical conditions, intimidating and coercing plaintiffs into accepting settlements, allowing wrongful dismissal of claims against certain manufacturers and distributors, and failing to process and finalize settlement agreements. The Barnes Plaintiffs also allege that the Defendants attempted to conceal their misdeeds by destroying and altering file documents, and sending misleading correspondence to the Plaintiffs.

The Barnes Plaintiffs argue that Defendant Danziger is jointly liable for the wrongdoing of the other Defendants. The Barnes Plaintiffs also allege that Defendant Danziger violated the

Texas Disciplinary Rules of Professional Conduct, and breached its contracts with the Barnes Plaintiffs. Based on these alleged facts, the Barnes Plaintiffs filed this suit against Defendant Danziger alleging numerous claims including, legal malpractice, breach of contract, constructive fraud, breach of fiduciary duty, negligence, and others. Defendant Danziger now seeks either dismissal of the Barnes Plaintiffs' claims against it, or in the alternative, a more definite statement of the specific claims that the Barnes Plaintiffs' allege against it.

*Discussion and Analysis*

Defendant Danziger argues that the Barnes Plaintiffs' claims should be dismissed under Rule 12(b)(6) because their claims, as alleged in the complaint, are either not plausible or are time-barred by the applicable statutes of limitations. In response, the Barnes Plaintiffs argue that they have alleged plausible claims against Danziger, that their claims are not time-barred under the discovery rule, and that the Defendants fraudulently concealed the claims. In the alternative, the Barnes Plaintiffs request the opportunity to amend their pleadings.

"The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed to be true and are viewed in the light most favorable to the plaintiff." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Sullivan v. Leor Energy LLC*, 600 F.3d 542, 546 (5th Cir. 2010). "Federal pleading rules call for 'a short and plain

statement of the claim showing that the pleader is entitled to relief,' FED. R. CIV. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, – U.S. –, 135 S. Ct. 346, 190 L. Ed. 2d 309 (Nov. 10, 2014).

While a plaintiff's complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Id.*, 135 S. Ct. 346 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In the end, a plaintiff's "short and plain statement" "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955; *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

As to the Plaintiffs' fraud claims however, Federal Rule of Civil Procedure 9(b) requires that a plaintiff "state with particularity the circumstances constituting the fraud." FED. R. CIV. P. 9(b). Whether a plaintiff has stated a plausible claim for relief is "context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663, 129 S. Ct. 1937.

The Court's review of the Barnes Plaintiffs' *claims* contained in their complaint reveals that their claims against Defendant Danziger rest on an attorney-client contractual relationship. These claims include: legal malpractice/negligence based on, *inter alia*, the failure of the Defendants to diligently represent the Barnes Plaintiffs' claims and inform them of material facts regarding their cases; gross negligence based on the failure of the Defendants to render legal services with the care, skill and diligence of an attorney of ordinary and reasonable skill and

knowledge; breach of fiduciary duty and constructive fraud based on the attorney client relationship that allegedly existed between the Barnes Plaintiffs and the Defendants; breach of contracts between the Barnes Plaintiffs and the Defendants; and fraud based on, *inter alia*, the failure of the Defendants to disclose material information about the Barnes Plaintiffs' cases and settlements. Because "a formulaic recitation of the elements of a cause of action" will not satisfy the pleading requirements, the Court must look to the "factual matter" contained in the complaint. *Johnson*, 135 S. Ct. at 346, 190 L. Ed. 2d 309 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955).

A review of the *factual* allegations contained in the Barnes Plaintiffs' complaint reveals a lack of facts pertaining to Defendant Danziger. For example, the complaint does not contain any allegation that any of the Barnes Plaintiffs actually entered into contracts with Danziger, or that they established an attorney-client relationship. The Complaint merely states that Defendant Danziger was one of several firms that referred silica-related cases to the O'Quinn firms. In addition, the Barnes Plaintiffs' fraud allegations, as they may relate to Defendant Danziger, lack the particularity required by Rule 9. *See* FED. R. CIV. P. 9(b). Finally, many of the Barnes Plaintiffs' allegations relate to "the Defendants" which as a purely practical matter in this particular case, given the number of different defendants with different roles in the underlying litigation, makes it unclear as to which of the Barnes Plaintiffs' allegations are directed at Defendant Danziger.

The Court finds that due to the factual pleading deficiencies of the Complaint most, if not all, of the Barnes Plaintiffs' claims against Danziger are not facially plausible as pled. *See Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged," and that the "plausibility standard," while not "akin to a probability requirement," requires "more than a sheer possibility that a defendant has acted unlawfully.") (internal citations omitted).

With these issues highlighted, the Court notes that in general leave to amend should be freely given "when justice so requires." FED. R. CIV. P. 15(a)(2); *see also Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013); *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013). Because the Barnes Plaintiffs may be able to satisfy the plausibility standard if given an opportunity to amend the pleading deficiencies in their Complaint, and because both the Barnes Plaintiffs' and Defendant Danziger have requested such alternative relief, the Court finds that the Barnes Plaintiffs should be given the opportunity to re-plead their claims against Defendant Danziger. To the extent that Defendant Danziger's motion requested dismissal, the Court denies that request. To the extent that Defendant Danziger's motion requested the alternative relief of a more definite statement, the Court grants that request.

*Conclusion*

For all of the reasons stated above, the Court orders that Defendant Danziger's Motion to Dismiss [34] is GRANTED in part and DENIED in part. Defendant Danziger's request for a more definite statement is GRANTED. The Barnes Plaintiffs have thirty days from the date of this order to file a motion for leave to file an amended complaint, attaching their proposed amended complaint as an exhibit to their motion. Defendant Danziger's request to dismiss the Barnes' Plaintiffs' claims against it is DENIED without prejudice.

SO ORDERED on this the 31st day of March, 2017.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE